**WINSTON & STRAWN LLP**

North America  Europe  Asia

**PEARSON, SIMON & WARSHAW, LLP**
350 SANSOME STREET, SUITE 680
SAN FRANCISCO, CA 94104
(415) 433-9000
WWW.PSWLAW.COM

**VIA ECF**                                                                                May 29, 2020

Magistrate Judge Steven L. Tiscione
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

        **Re:**  *North American Soccer League, LLC v. U.S. Soccer Federation, Inc. and Major League Soccer, L.L.C.*, No. 1:17-cv-05495-MKB-ST

Dear Judge Tiscione:

    Under Local Rule 37.3(c) and § III(A) of Your Honor's Rules, Plaintiff North American Soccer League, LLC ("NASL") writes in response to the letter-motion ("Letter") of Defendants U.S. Soccer Federation, Inc. and Major League Soccer, L.L.C., dated May 21, 2020, ECF No. 211-3.

**I.    There Is No Legitimate Basis to Require or Permit Supplemental Expert Reports**

    The parties negotiated, and Your Honor ordered into effect, an expert report schedule in which Plaintiff went first, then Defendants, then Plaintiff. ECF No. 124. Now, Defendants have resorted to citing COVID-19 in a gambit to circumvent that Order, moving for a supplemental expert discovery schedule that—tellingly—gives Defendants the last word. As their hook, Defendants cite their claimed "right to submit supplemental report(s) on COVID-19 issues … under Rule 26(e)." Ltr. at 2. But there is no support for Defendants' position that Rule 26(e) is a trump card to override a so-ordered expert schedule. "[Defendants'] position would lead to an absurd scenario … [where] each party could claim the right to continually 'supplement' its expert reports …." *Sandata Techs. v. Infocrossing, Inc.*, 2007 WL 4157163, at *5, 8 (S.D.N.Y. Nov. 16, 2007) (rejecting expert reports "not contemplat[ed]" by "the expert schedule set by the Court"). Rule 26 "does not [] permit a party to supplement an expert report at any time it wishes." *Estate of Jackson by Jackson v. Cty of Suffolk*, 2019 WL 1676000, at *2 (E.D.N.Y. Apr. 17, 2019).

    Defendants claim NASL is trying to "keep [COVID-19-related] issues out of this case." Ltr. at 2-3. This is entirely made-up, and is contrary to NASL's prior commitment that "[t]o the extent Defendants have questions about whether and how COVID-19 relates to the opinions of NASL's experts in this case, *Defendants will have the opportunity to ask NASL's experts about that subject at their depositions*" (Ltr. Ex. 1, emphasis added), consistent with Rule 26's Advisory Notes.[1] NASL's commitment that its experts will answer COVID-19-related deposition questions still stands. Defendants' insistence on another round of expert reports for both sides, without even hearing this testimony by NASL's experts, shows their real concerns here have nothing to do with COVID-19 being kept "out of this case" or "sandbagging" at trial. *See* Ltr. at 2-3.

    The real reason Defendants invoke the Rule 26(e) "duty to supplement" is that, conveniently, they claim it requires them to have the last word in expert reports and to get their

---

[1] *See* Fed. R. Civ. P. 26 Adv. Comm. Notes, 1993 Ams. ("[There is] no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when … an expert during a deposition corrects information contained in an earlier report.").

desired discovery extension.[2] But the "duty to supplement" is "not for the benefit of the party who has the duty." *Sandata*, 2007 WL 4157163, at \*7. Rather, its goal is "to prevent unfair surprise at trial and to permit the opposing party to prepare for the expert's cross-examination." *Id.* at \*4.

Defendants do not, and cannot, argue that NASL will claim "unfair surprise" because Defendants' experts raise COVID-19 at trial. On the contrary, Defendants already stated their intent to do so, and NASL assured them that it "does not believe supplemental expert reports regarding COVID-19 are necessary or warranted." Ltr. Ex. 1. Indeed, Defendants have spent hundreds of pages throughout this case arguing it is impossible to determine whether NASL would have succeeded absent Defendants' misconduct, due to future uncertainty. NASL does not claim any surprise that Defendants are seizing upon the COVID-19 pandemic as part of that supposed uncertainty to try to absolve themselves from liability. Accordingly, there is no legitimate basis for Defendants to seek supplementation. *See Speedfit LLC v. Woodway USA, Inc.*, 2019 WL 1429609, at \*6-7 (E.D.N.Y. Mar. 28, 2019) (supplementation denied; "[I]t is not as if the [movants] are being deprived of an opportunity to present expert testimony").

Defendants also try to reverse-engineer *NASL's* duty to supplement into an opportunity for Defendants to submit more reports—arguing that NASL wrongly "seeks to minimize the impact of COVID-19 on its case," so the Court should order another round of supplements for all parties to discuss COVID-19. Ltr. at 3. But Defendants' request to allow themselves to supplement has nothing to do with avoiding "unfair surprise" at trial *by NASL*, which is the purpose of Rule 26(e).

Nor do Defendants cite any authority indicating they can force NASL to submit supplements to answer their questions about COVID-19, after the time and expense of submitting two prior rounds of reports. Answering questions about the implications of expert reports is what depositions are for. *See supra* note 1. If Defendants wish to try to prevent NASL's experts from testifying on a subject at trial, they will have their chance to do so in motions *in limine* under Judge Brodie's Individual Rule 4(B)(iii). Similarly, Defendants grossly misrepresent the reports of Dr. Williams, NASL's damages expert, trying to portray his opinions as unduly speculative without a supplement. Ltr. at 1-2. But those are arguments for *Daubert* motions or trial—not for setting a pointless supplementation deadline for NASL, when it does not even seek to supplement.

II. **Defendants Should Not Be Granted an Additional Extension of the Discovery Cutoff in Order to Conduct In-Person Depositions**

Shortly after the nationwide outbreak of COVID-19, NASL wrote to Defendants to request that the depositions of NASL's three experts, then scheduled to occur before the May 4, 2020 discovery cutoff, occur by video. Ltr. Ex. 1. At Defendants' request, NASL agreed to extend the cutoff to June 30, 2020. ECF No. 210. When Defendants asked for another extension, NASL, purely in hopes of compromise and not burdening the Court, said it would agree to move the cutoff to July 31st if that guaranteed depositions by then, by video if necessary. Ltr. Ex. 1. Defendants'

---

[2] Ltr. Ex. 1 ("Defendants, however, do intend to supplement their expert report(s) to address this issue. As such, the schedule must accommodate that supplementation.").

demand now for an even lengthier extension to August 14th—based on pure speculation that in-person depositions may be more feasible then—should be denied.[3]

Federal courts across the country have recently ordered that depositions should proceed remotely due to COVID-19. *See, e.g.*, *Sinceno v. Riverside Church in City of New York*, 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) ("In order to protect public health while promoting the 'just, speedy, and inexpensive determination of every action and proceeding,' it is hereby: ORDERED … that all depositions in this action may be taken via telephone, videoconference, or other remote means ….") (citation omitted); *Ogilvie v. Thrifty Payless*, 2020 WL 2630732, at *2 (W.D. Wash. May 12, 2020) ("Although the court understands that the parties may have a preference for taking depositions or meeting in person, given the present circumstances, the court urges the parties to consider available alternatives. This pandemic may well be with us for many months to come. We will all need to adjust to keep litigation moving forward.") (citation omitted).

Completely ignoring these and the other recent cases on this point,[4] Defendants claim they need an extension because video depositions are "simply not as effective for conducting examinations on complex issues" and because counsel for the two Defendants "must work closely to coordinate their respective examinations." Def. Br. at 3. Courts, however, have recently rejected these same types of boilerplate arguments. *See, e.g.*, *Grano v. Sodexo Mgmt., Inc.*, 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020) (dismissing argument that "remote depositions are 'unworkable' and will be 'cumbersome'"); *United States ex rel. Chen v. K.O.O. Constr., Inc.*, 2020 WL 2631444, at *2 (S.D. Cal. May 8, 2020) ("The Court is not convinced that voluminous and highly detailed exhibits are a bar to remote videoconference depositions.").

Furthermore, the "playing field" will be even at video depositions of NASL's experts. Just as defense counsel will need to conduct the depositions by video, NASL counsel will need to prepare their experts and defend the depositions by video. Given the need to quickly interpose objections, it is arguably more difficult to defend a deposition by video than to take one. Further negating any purported "advantage" from NASL deposing Defendants' experts in-person—after Defendants already deposed two of NASL's three experts in-person—is that Defendants will have had *several months* to prepare for these depositions since reply reports were served on March 11th.

Finally, Defendants disregard reality in suggesting that live depositions are not "necessarily high-risk endeavors." Ltr. at 3. In fact, one of NASL's experts, and several of the attorneys, meet the "higher risk" criteria set forth by the Centers for Disease Control and Prevention.[5]

This case has been ongoing for nearly three years, and these final three depositions—two of which are partway finished—are all that separate this case from the summary judgment stage and, eventually, trial. The Court should deny Defendants' unsupported request for further delay.

---

[3] Defendants' request for "just an additional two weeks" past July 31st (Ltr. at 3) misstates the current cutoff—June 30th—and is an improper attempt to hold against NASL its attempt to compromise and avoid burdening the Court.

[4] *See, e.g.*, *Julian v. Metro. Life Ins. Co.*, 2020 WL 1699983, at *1 & n.1 (S.D.N.Y. Apr. 7, 2020); *Astor Chocolate Corp. v. Elite Gold Ltd.*, 2020 WL 2130680, at *12 n.8 (S.D.N.Y. May 5, 2020); *SAPS, LLCS v. EZCare Clinic, Inc.*, 2020 WL 1923146, at *2 (E.D. La. Apr. 21, 2020).

[5] Defendants seem to acknowledge the significant likelihood that "governmental regulations or other factors" will prevent live depositions by the requested mid-August cutoff (Ltr. at 3), which would make any such delay pointless.

Dated:  May 29, 2020　　　　　　　　　　Respectfully submitted,
　　　　　New York, NY

　　　　　　　　　　　　　　　　　　By:  s/Jeffrey L. Kessler_____
　　　　　　　　　　　　　　　　　　　　Jeffrey L. Kessler
　　　　　　　　　　　　　　　　　　　　David G. Feher
　　　　　　　　　　　　　　　　　　　　Mark E. Rizik Jr.
　　　　　　　　　　　　　　　　　　　　Adam I. Dale
　　　　　　　　　　　　　　　　　　　　**WINSTON & STRAWN, LLP**
　　　　　　　　　　　　　　　　　　　　200 Park Avenue
　　　　　　　　　　　　　　　　　　　　New York, NY  10166
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 294-6700
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 294-4700
　　　　　　　　　　　　　　　　　　　　jkessler@winston.com
　　　　　　　　　　　　　　　　　　　　dfeher@winston.com
　　　　　　　　　　　　　　　　　　　　mrizik@winston.com
　　　　　　　　　　　　　　　　　　　　aidale@winston.com

　　　　　　　　　　　　　　　　　　　　Heather Lamberg
　　　　　　　　　　　　　　　　　　　　**WINSTON & STRAWN LLP**
　　　　　　　　　　　　　　　　　　　　1700 K Street N.W.
　　　　　　　　　　　　　　　　　　　　Washington, DC  20006
　　　　　　　　　　　　　　　　　　　　Tel: (202) 282-5000
　　　　　　　　　　　　　　　　　　　　hlamberg@winston.com

　　　　　　　　　　　　　　　　　　　　Bruce L. Simon (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Benjamin E. Shiftan (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Neil J. Swartzberg (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　**PEARSON, SIMON & WARSHAW, LLP**
　　　　　　　　　　　　　　　　　　　　350 Sansome Street, Suite 680
　　　　　　　　　　　　　　　　　　　　San Francisco, California 94104
　　　　　　　　　　　　　　　　　　　　Tel.: (415) 433-9000
　　　　　　　　　　　　　　　　　　　　Fax.: (415) 433-9008
　　　　　　　　　　　　　　　　　　　　bsimon@pswlaw.com
　　　　　　　　　　　　　　　　　　　　bshiftan@pswlaw.com
　　　　　　　　　　　　　　　　　　　　nswartzberg@pswlaw.com

　　　　　　　　　　　　　　　　　　　　Clifford H. Pearson (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Daniel L. Warshaw (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Matthew A. Pearson (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Michael H. Pearson (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　Alexander L. Simon (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　　　　**PEARSON, SIMON & WARSHAW, LLP**
　　　　　　　　　　　　　　　　　　　　15165 Ventura Boulevard, Suite 400
　　　　　　　　　　　　　　　　　　　　Sherman Oaks, California 91403

        Tel.: (818) 788-8300
        Fax.: (818) 788-8104
        cpearson@pswlaw.com
        dwarshaw@pswlaw.com
        mapearson@pswlaw.com
        mpearson@pswlaw.com
        asimon@pswlaw.com

*Counsel for Plaintiff North American Soccer League, LLC*

cc: All counsel of record (via ECF)