| | |
|---|---|
| **Lawrence E. Buterman** | 53rd at Third |
| Direct Dial: 212.906.1264 | 885 Third Avenue |
| Lawrence.Buterman@lw.com | New York, New York  10022-4834 |
| | Tel: +1.212.906.1200  Fax: +1.212.751.4864 |
| **LATHAM & WATKINS** LLP | www.lw.com |

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

August 21, 2020

**VIA ECF**

Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *NASL v. U.S. Soccer Federation, et al.*, No. 1:17-cv-05495

Dear Judge Tiscione:

Defendants United States Soccer Federation, Inc. ("U.S. Soccer") and Major League Soccer, L.L.C. ("MLS") respectfully submit this letter seeking to compel additional deposition testimony from Plaintiff NASL's expert, Professor Stefan Szymanski, pursuant to Federal Rules of Civil Procedure 37(a)(4) and 30(d)(2).

On September 4, 2020, Defendants conducted a remote video deposition of Professor Szymanski.  From the outset, Professor Szymanski employed a strategy of filibustering in an effort to "run out the clock"—providing pages upon pages of non-responsive and evasive answers to the most basic "yes-or-no" questions.  In some instances, Professor Szymanski simply refused to provide answers at all.[1]  Some of the most egregious examples are:

- ███████████████████████████████████████████████████████████
  ███████  After being asked five times, and providing almost ten pages of non-answers, Professor Szymanski ████████████████████████████████████████
  █████████████████████████████████████████████████████████  Decl. of L. Buterman, Ex. A (Szymanski Tr.) at 209:5-218:24.

- Professor Szymanski refused to confirm ████████████████████████
  █████████████████████████████████████████████████████  despite

---

[1] The transcript of Professor Szymanski's deposition is located at Exhibit A to the Declaration of Lawrence Buterman.  The highlights in Exhibit A identify Professor Szymanski's non-responsive, evasive, or argumentative answers.  Only a subset of his improper answers are described in this letter, for illustrative purposes.



being asked versions of this question fifteen times and giving twelve pages of non-responsive testimony.  *Id*. at 241:13-254:6.

- Regarding a chart in his reply report ████████████████████████ Professor Szymanski refused to confirm whether ██████████████████████████████  *Id*. at 262:24-263:14.

- Professor Szymanski did not provide responsive answers regarding ███████████████████████████████████████████████████████████  *Id*. at 266:1-268:21.

- Professor Szymanski refused to provide an answer to ██████████████████████████████████████████████████████████████████████  *Id*. at 274:23-280:15.

- Professor Szymanski declined to answer ██████████████████████████████████████ despite the fact that he had previously said so under oath.  *Id*. at 332:23-337:3.

- Professor Szymanski would not confirm ███████████████████████████████████████████████████████████  *Id*. at 352:14-358:18.

- Professor Szymanski provided entirely non-responsive answers to whether ███████████████████████████████████████████  *id*. at 455:11-458:13.

- Professor Szymanski refused to confirm whether ███████████████████████████████████████████████  *Id*. at 495:8-501:8.

Federal Rule of Civil Procedure 30(d)(1) states that a "court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent . . . impedes or delays the examination."  Rule 37(a)(4) requires that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Professor Szymanski's failure to respond—either in a reasonably direct fashion or at all—impeded the deposition and frustrated Defendants' fair examination of him.  Not only did Professor Szymanski improperly refuse to answer many questions, but the pages-long, off-topic responses that preceded the answers he did give soaked up hours of his deposition and prevented

LATHAM&WATKINS LLP

Defendants from covering multiple topics contained in his two reports. Pursuant to Local Rules 37.3(a) and (b), during the deposition counsel for U.S. Soccer repeatedly indicated that Professor Szymanski was improperly impeding the deposition and attempted to reach the Court for immediate relief. *See also* Fed. R. Civ. P. 37(a)(3)(C). When the Court was unavailable, Defendants informed Plaintiff of their intention to raise Professor Szymanski's conduct with the Court, proceeded with Professor Szymanski's deposition, and reserved their rights to challenge his conduct following the deposition.

Defendants have reviewed Professor Szymanski's final deposition transcript and confirmed that his non-responsive, rambling responses did not answer, or caused Defendants' counsel to have to skip, questions that are essential to Defendants' understanding of his reports and defenses. Defendants are entitled to answers to the questions that Dr. Szymanski improperly avoided.

Defendants request that the Court permit Defendants to depose Professor Szymanski for an additional 3 hours and 30 minutes. Defendants further request that the Court appoint a Special Master to attend the deposition, to resolve inevitable conflicts between counsel and any attempts by Professor Szymanski to similarly obstruct his deposition. In the alternative to attendance by a Special Master, Defendants request that the Court admonish Professor Szymanski to provide direct and clear answers to Defendants' questions during any subsequent deposition time, and that Defendants be permitted to contact Your Honor during the deposition should Professor Szymanski not abide the Court's admonishment.[2]

Rule 30(d)(2) permits the Court to impose an appropriate sanction for Professor Szymanski's improper conduct, which wasted and frustrated the many hours both Defendants invested in preparing for and taking Professor Szymanski's deposition. Defendants request that the Court order NASL to pay for (1) Defendants' attorneys' fees related to bringing this motion, *see* Fed. R. Civ. P. 35(a)(5); and (2) the costs of the Special Master's attendance at the requested deposition, if ordered. This solution is reasonable in light of the fact that NASL's and Professor Szymanski's conduct will cost Defendants the fees required to depose Professor Szymanski a second time, and because a Special Master is the best way to ensure that Professor Szymanski does not further waste Defendants' resources. On the other hand, because a subsequent deposition will be held remotely at NASL's preference, neither NASL's counsel nor Professor Szymanski will incur cost or time related to travel.

---

[2] If the Court is willing to be contacted during the deposition, Defendants will schedule the deposition at a time that is convenient for Your Honor.

August 21, 2020
Page 4

LATHAM&WATKINS LLP

                                                   Respectfully submitted,

                                                   */s/ Lawrence E. Buterman*
                                                   Lawrence E. Buterman
                                                   of LATHAM & WATKINS LLP
                                                   *Counsel for Defendant*
                                                   *United States Soccer Federation, Inc.*


                                                 */s/ Bradley I. Ruskin*
                                                   Bradley I. Ruskin
                                                   of PROSKAUER ROSE LLP
                                                   *Counsel for Defendant*
                                                   *Major League Soccer, L.L.C.*

cc: All Counsel of Record (via ECF)