# WINSTON & STRAWN LLP

North America  Europe  Asia

**PEARSON, SIMON & WARSHAW, LLP**

15165 VENTURA BLVD., SUITE 400
SHERMAN OAKS, CA 91403
(818) 788-8300
WWW.PSWLAW.COM

Hon. Margo K. Brodie
United States District Court
225 Cadman Plaza East, Brooklyn, NY 11201

October 29, 2021

Re:   *NASL v. USSF and MLS*, No. 1:17-cv-05495

Dear Chief Judge Brodie:

      On July 28th, Defendants USSF and MLS filed a letter brief arguing that this Court should hold, on the summary judgment motions pending in this case, that USSF's agreements to adopt and apply the Professional League Standards do not establish concerted action on Count 1 of NASL's Complaint under Section 1 of the Sherman Act, based on the district court's decision in *Relevent Sports, LLC v. USSF*, 2021 WL 3077550 (S.D.N.Y. July 20, 2021). Plaintiff NASL responded on August 3rd. ECF No. 368. I write to alert Your Honor to a significant development regarding this issue. In the *Relevent* Second Circuit appeal, the U.S. government has submitted an amicus brief, enclosed as Exhibit 1, "urg[ing] the Court to reject the district court's holding that a plaintiff challenging an association's rule governing its members' separate businesses must plausibly allege an antecedent 'agreement to agree' to that rule in order to plead concerted action under Section 1 of the Sherman Act, 15 U.S.C. § 1." The U.S. government states, in the brief, that "[t]hat holding is legally incorrect and could improperly shield many anticompetitive association rules from Section 1 scrutiny in both public and private antitrust enforcement actions." Ex. 1 at 1. In particular, the brief explains how the *Relevent* district court—following the same USSF legal reasoning that USSF has urged this Court to follow—"mistook" and "[m]isapplied" the Second Circuit's decision on concerted action during the preliminary injunction proceedings in this case, given the panel's explicit statement that "'[i]f NASL were challenging the Standards themselves—in totality—as violative of the antitrust laws, then the USSF Board's promulgation of them would constitute direct evidence of § 1 concerted action in that undertaking,'" as well as the "decades of controlling precedent" it cited to support that conclusion. Ex. 1 at 16-21. NASL respectfully submits the government's amicus brief as a supplemental authority for the Court's consideration.

                                                            Respectfully submitted,

                              By:    s/Jeffrey L. Kessler
                                         Jeffrey L. Kessler

cc:    All counsel of record (via ECF)