WINSTON
& STRAWN
LLP

North America   Europe   Asia

**PEARSON WARSHAW, LLP**
555 MONTGOMERY ST., SUITE 1205
SAN FRANCISCO, CA 94111
WWW.PWFIRM.COM

Hon. Brian M. Cogan                                                    March 7, 2023
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

Re:    *NASL v. USSF and MLS*, No. 1:17-cv-05495

Dear Judge Cogan:

On July 28, 2021, Defendants USSF and MLS filed a notice of supplemental authority arguing that the Court in this case should hold, on the pending summary judgment motions, that the agreement embodied in the Professional League Standards does not by itself establish concerted action as required to assert a claim under Section 1 of the Sherman Act, based on the district court's decision in *Relevent Sports, LLC v. USSF*, 2021 WL 3077550 (S.D.N.Y. July 20, 2021). I write to alert Your Honor that the foregoing decision was vacated today by the Second Circuit.[1] In doing so, the court held that "the adoption of a binding association rule designed to prevent competition is *direct evidence* of concerted action," and "[n]o further proof is necessary":

> [T]here is no need … to allege a prior "agreement to agree" or conspiracy to adopt the policy; the adoption of the policy, combined with the member leagues' prior agreement, by joining [the member organization], to adhere to its policies, constitutes an agreement on the part of all—whether they voted in favor of the policy or not—to adhere to the announced restriction on competition. … If the plaintiff alleges that a policy or rule is *in service of* a plan to restrain competition, then it must allege enough additional facts to show that agreement to such a plan exists. If, on the other hand, the plaintiff adequately alleges that the policy or rule *is the agreement itself*, then it need not allege any further agreement.[2]

In the opinion, the court described a former version of NASL's complaint in this case (which had been at issue during preliminary injunction proceedings) as an example of a complaint alleging a broader "plan to restrain competition" that the agreed-upon Standards were merely "in service of." Since then, NASL has added a new Count 1 to its complaint explicitly challenging "[t]he agreement embodied in the Standards themselves" as a violation of Section 1. Am. Compl. ¶¶ 254-266, ECF No. 57. The Second Circuit's *Relevent* decision is squarely applicable to NASL's allegations in the Amended Complaint in this action, and the pending summary judgment motions.

Respectfully submitted,

By:    s/Jeffrey L. Kessler
       Jeffrey L. Kessler

---

[1] The Second Circuit's opinion ("Op.") is enclosed herewith as Exhibit A.
[2] Op. 15-18. (emphases added). *Cf.* USSF's MSJ Op. Br. at 21, ECF No. 262 ("NASL's claim must fail without any 'agreement to agree' between U.S. Soccer and MLS to deny NASL its desired sanction"); MLS's MSJ Op. Br. at 22, ECF No. 283 ("NASL challenges US Soccer's adoption or modification of the Standards, and its denial of NASL's 2016 D1 and 2018 D2 applications. But for NASL to prevail, … [i]t must show that these decisions were the product of a conspiratorial agreement.").