Christopher S. Yates
Direct Dial: (415) 395-8257
Chris.Yates@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**VIA ECF**

March 9, 2023

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>North American Soccer League, LLC v.</u>
                  <u>United States Soccer Federation, Inc.</u>, Case No. 1:17-cv-05495

Dear Judge Cogan:

      We write on behalf of Defendants United States Soccer Federation ("U.S. Soccer") in response to the notice of supplemental authority filed by Plaintiff North American Soccer League ("NASL").

      NASL's "overarching conspiracy" claim (Count II) was previously before the Second Circuit in *NASL II*, 883 F.3d 32 (2d Cir. 2018). The Second Circuit's opinion in *Relevent Sports* confirms that, with respect to NASL's "overarching conspiracy" claim concerning U.S. Soccer's application of the Professional League Standards ("PLS") (Count II), NASL cannot establish concerted action by pointing to the PLS themselves. *Relevent Sports*, slip op. at 17-18; *see also* U.S. Soccer Mot. Summ. Judgment at 15-17, ECF No. 262. Rather, to establish the concerted action element of such a Section 1 claim, NASL must show that members of U.S. Soccer "reached an agreement to vote a particular way" regarding divisional sanctions. *NASL II*, 883 F.3d at 39. NASL has no evidence of any such agreement.

      While NASL claims the Second Circuit's decision in *Relevent Sports* goes directly to the question of whether it has adequately alleged concerted action in its challenge to the PLS in totality (Count I), NASL did not develop an "in totality" theory in discovery. To sustain a claim that the PLS were anticompetitive "in totality," NASL and its experts would have needed to analyze a but-for world without the PLS in place, to show anticompetitive effects in a relevant market and damages. However, NASL's experts never analyzed a but-for world without the PLS (or any challenged element of the PLS) in place. U.S. Soccer Mot. Summ. Judgment at 36, ECF No. 262; U.S. Soccer Reply at 10-13, ECF No. 322.[1] Indeed, the damages NASL seeks are based on *the PLS remaining in place* and are the additional fees NASL claims it would have charged expansion teams with the benefit of its preferred divisional label under the PLS. In

---

[1] This was likely because the Second Circuit pointed out in *NASL II* that U.S. Soccer "has demonstrated procompetitive effects of the Standards." *NASL II*, 883 F.3d at 45.

**LATHAM&WATKINS**LLP

addition to confirming that it did not develop an "in totality" claim, such claimed damages run afoul of the well-established rule that a party lacks antitrust injury when it seeks compensation for its exclusion from an allegedly anticompetitive arrangement.  U.S. Soccer Mot. Summ. Judgment at 2, 42-43, ECF No. 262; U.S. Soccer Reply at 26-27, ECF No. 322.

This case is well beyond the pleadings and the *Relevent Sports* opinion has no bearing on the case that NASL chose to pursue in discovery—but failed to prove.

Respectfully Submitted,

LATHAM & WATKINS LLP

*/s/ Christopher S. Yates*

Christopher S. Yates
Attorneys for Defendant
*United States Soccer Federation, Inc.*