

PEARSON WARSHAW, LLP
555 MONTGOMERY ST., SUITE 1205
SAN FRANCISCO, CA 94111
(415) 433-9000
WWW.PWFIRM.COM

Hon. Brian M. Cogan　　　　　　　　　　　　　　　　　　　　　　　February 21, 2024
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:　*NASL v. USSF and MLS*, No. 1:17-cv-05495

Dear Judge Cogan:

　　　I am writing on behalf of Plaintiff North American Soccer League LLC ("NASL") with respect to the trial in the above-referenced case, which is set for September 9th, and the scheduling of pretrial proceedings. NASL respectfully seeks the Court's direction in connection with the complicated process of planning for trial and scheduling pretrial deadlines. Defendants have declined to confer with NASL to set a schedule at this time and, instead, continue to seek to delay such preparations. *Cf., e.g.*, ECF Nos. 382, 384, 395.

　　　Specifically, on February 12th, NASL sent Defendants a proposed schedule for pretrial proceedings, such as the parties' exchange of witness and exhibit lists and deposition designations, starting on June 20th. *See* Ex. A. In response, on February 20th, Defendants declined to discuss setting a pretrial schedule until after the Court has issued a decision on the parties' pending summary judgment motions. However, Defendants also refused NASL's proposal to make a joint call to Chambers regarding the likely timing of that decision, so that the parties could plan accordingly in connection with setting a pretrial schedule. Defendants further objected to NASL making such a phone call itself (*id.*), leaving NASL no choice but to file this letter.

　　　NASL believes the parties should work out a pretrial schedule now. The trial date is just over six months away and requires substantial planning and preparation. By agreeing to a schedule now, the parties can plan for upcoming deadlines and avoid schedule conflicts that may interfere with trial preparations. Delaying these scheduling discussions until after receiving a decision on summary judgment, as Defendants propose, would run the risk of leaving insufficient time to prepare for this complex antitrust trial.

　　　NASL thus respectfully requests that the Court order the parties to meet and confer regarding a pretrial schedule and to submit a joint proposal (or separate proposals) within two weeks. Further, should the Court deem it appropriate to advise the parties of the expected timing of the upcoming summary judgment decision, NASL believes that may be helpful for the parties in setting a pretrial schedule, although it should not delay the parties from moving forward with agreeing upon a pretrial schedule now.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　By:　　s/Jeffrey L. Kessler
　　　　　　　　　　　　　　　　　　　　Jeffrey L. Kessler

cc:　　All counsel of record (via ECF)