UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NORTH AMERICAN SOCCER LEAGUE, LLC,

                                  Plaintiff,

    v.

UNITED STATES SOCCER FEDERATION, INC., and MAJOR LEAGUE SOCCER, L.L.C.

                                  Defendants.

Case No. 1:17-cv-05495-HG

# PLAINTIFF NORTH AMERICAN SOCCER LEAGUE, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER AND FOR CLARIFICATION

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1
LEGAL STANDARD ..................................................................................................................... 3
ARGUMENT .................................................................................................................................. 3
    I.    Defendants' Motion to Clarify or Reconsider Judge Cogan's Summary Judgment Ruling on Market Definition Should Be Denied ..................................................... 3
    II.   The Court Should Not Reconsider Judge Cogan's Carefully Reasoned Decision Rejecting MLS's Motion for Summary Judgment on Count III ............................ 7
    III.  Defendants Have No Basis to Ask This Court to Reconsider Judge Cogan's Ruling Excluding Professor Solomon's Irrelevant Rebuttal Testimony ................. 9
CONCLUSION ............................................................................................................................. 10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Avola v. La.-Pac. Corp.*,
　991 F. Supp. 2d 381 (E.D.N.Y. 2013) ...................................................................................4

*In re Bak*,
　No. 10-23045 ASD, 2013 WL 653073 (D. Conn. Feb. 20, 2013) ..........................................5

*Bocoum v. Daimler Trucks N. Am. LLC*,
　No. 17CIV7636JPCBCM, 2023 WL 1466597 (S.D.N.Y. Feb. 2, 2023) ...............................10

*Bullion Shark, LLC v. Flip A Coin LLC*,
　No. 223CV6529NJCARL, 2024 WL 87763 (E.D.N.Y. Jan. 5, 2024) .....................................3

*Campbell v. New York City Transit Auth.*,
　No. 11-CV-2827 (MKB), 2015 WL 7455842 (E.D.N.Y. Nov. 23, 2015) ...............................6

*Discon, Inc. v. NYNEX Corp.*,
　93 F.3d 1055 (2d Cir. 1996) ....................................................................................................8

*Fannie Mae v. Olympia Mortg. Corp.*,
　792 F. Supp. 2d 645 (E.D.N.Y. 2011) ....................................................................................5

*Fossil Grp., Inc. v. Angel Seller LLC*,
　No. 20CV02441HGTAM, 2022 WL 3655177 (E.D.N.Y. Aug. 25, 2022) .............................3

*United States ex rel. Grubea v. Rosicki, Rosicki & Assocs., P.C.*,
　319 F. Supp. 3d 747 (S.D.N.Y. 2019) .....................................................................................4

*Hoeffner v. D'Amato*,
　664 F. Supp. 3d 269 (E.D.N.Y. 2023) .....................................................................................3

*Laufer v. Annucci*,
　No. 22-CV-3304 (HG), 2023 WL 5613395 (E.D.N.Y. Aug. 30, 2023) ..................................4

*LM Ins. Corp. v. Safety Nat'l Cas. Corp.*,
　No. 121CV1802KAMRML, 2023 WL 8440864 (E.D.N.Y. Dec. 6, 2023) ...........................10

*McNamee v. Clemens*,
　No. 09 CV 1647 SJ CLP, 2013 WL 3968740 (E.D.N.Y. July 31, 2013) ................................3

*RxUSA Wholesale v. Alcon Labs, Inc.*,
　661 F. Supp. 2d 218 (E.D.N.Y. 2009) .....................................................................................8

*Vasquez v. City of New York - Off. of Mayor*,
　No. 22-CV-05068 (HG), 2024 WL 1886656 (E.D.N.Y. Apr. 30, 2024) ............................3, 9

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992)...................................................................................4

*Volvo N. Am. Corp. v. Men's Int'l Pro. Tennis Council*,
    857 F.2d 55 (2d Cir. 1988).......................................................................................8

**Other Authorities**

Fed. R. Civ. P. 56(g) .........................................................................................................2, 5

Plaintiff North American Soccer League, LLC ("NASL") respectfully submits this response to Defendants' Motion to Reconsider and for Clarification (ECF No. 402) of the Court's June 12, 2024 Memorandum Decision and Order (ECF No. 399) ("Order").

## INTRODUCTION

Defendants United States Soccer Federation, Inc. ("USSF") and Major League Soccer, L.L.C. ("MLS") filed the Motion to Reconsider and for Clarification of three rulings in Judge Cogan's Order: (1) the Court's decision to grant summary judgment on the element of relevant market; (2) the denial of MLS's motion for summary judgment against the portion of Count III that alleges a conspiracy to monopolize the Division 2 market; and (3) the exclusion of Professor Solomon's expert testimony in its entirety. But Defendants have not come close to meeting the stringent standards for supporting such a motion. Judge Cogan is one of the most experienced antitrust jurists in this District, and he spent almost two years carefully reviewing the voluminous record evidence before clearly explaining his reasoning in a 63-page decision. There is no portion of that detailed decision which requires clarification or reconsideration. Defendants seek to reargue Judge Cogan's rulings simply because they are displeased with his conclusions. Each of the three arguments they advance should be summarily rejected.

*First*, Defendants have not identified any clerical error or other ambiguity to support their purported motion to clarify Judge Cogan's grant of summary judgment in favor of the relevant markets proposed by Plaintiff. There is nothing to clarify in the unambiguous ruling that "NASL's definition of the relevant markets will govern during the trial." Order at 53. Nor have Defendants presented any change in the law or new facts that Judge Cogan did not consider. Instead, they argue that this Court should reconsider Judge Cogan's unequivocal decision because NASL did not separately move for summary judgment on the issue of relevant market. But the law is clear

1

that Judge Cogan was well within his authority given the briefing before him to find that there was no genuine issue of material fact on the element of relevant market that requires a trial, without regard to who was the moving party on this point, as expressly contemplated by Rule 56(g).

*Second*, MLS has failed to identify any change in controlling law or new facts that would support this Court reconsidering Judge Cogan's decision to deny MLS's motion for summary judgment against Count III, which alleges a conspiracy to monopolize both the Division 1 and Division 2 markets. MLS asks this Court to reconsider whether Judge Cogan should have granted this motion against the Division 2 market claim because of MLS's argument that it did not participate in the Division 2 market. But MLS made these same arguments to Judge Cogan, who properly rejected them because: (1) the case law holds that a conspiracy to monopolize claim is *not* limited to participants in the monopolized market; and (2) NASL presented substantial evidence raising a genuine issue of material fact that MLS did, in fact, participate in the Division 2 market through its affiliate and co-conspirator, the United Soccer League ("USL").

*Third*, Defendants have not presented any change in controlling law or new facts that would justify this Court reconsidering Judge Cogan's *Daubert* ruling, which excluded the testimony of Defendants' corporate governance expert, Professor Solomon, in its entirety. Defendants argue that Judge Cogan should not have precluded Professor Solomon from testifying in rebuttal to Plaintiff's expert economic testimony regarding the theory of regulatory capture and how it applies to the facts of this case. But Professor Solomon is not an economist, and Defendants have not provided any ground for this Court to second-guess Judge Cogan's determination that his testimony as a corporate governance expert has no relevance to the antitrust issues presented here.

In short, Defendants present no change in controlling law or overlooked facts that warrant the reconsideration of Judge Cogan's decision. Nor do they identify any clerical error or ambiguity

2

to support a motion for clarification. Although Defendants undoubtedly would like a second bite at the apple to argue that this Court should reconsider the Herculean work that Judge Cogan undertook to render his summary judgment and *Daubert* rulings, they have failed to present any proper basis to make this request. The Court should deny Defendants' motion in full.

## LEGAL STANDARD

A party may move for clarification of a previous order only where it does not seek to "change the substance of the ruling," but rather requests that the Court correct a "clerical mistake or a mistake arising from oversight or omission" that is "apparent on the record." *McNamee v. Clemens*, 2013 WL 3968740, at *2-4 (E.D.N.Y. July 31, 2013).

Similarly, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Hoeffner v. D'Amato*, 664 F. Supp. 3d 269, 272 (E.D.N.Y. 2023). The standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Fossil Grp., Inc. v. Angel Seller LLC*, 2022 WL 3655177, at *1 (E.D.N.Y. Aug. 25, 2022) (Gonzalez, J.); *Vasquez v. City of New York - Off. of Mayor*, 2024 WL 1886656, at *1 (E.D.N.Y. Apr. 30, 2024) (Gonzalez, J.). This requires the movant to demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Bullion Shark, LLC v. Flip A Coin LLC*, 2024 WL 87763, at *4 (E.D.N.Y. Jan. 5, 2024).

## ARGUMENT

**I. Defendants' Motion to Clarify or Reconsider Judge Cogan's Summary Judgment Ruling on Market Definition Should Be Denied**

Defendants purport to move for "clarification" of Judge Cogan's summary judgment ruling on market definition, but they do not identify any "clerical" or "mechanical" mistake. *See*

3

*McNamee*, 2013 WL 3968740 at *2, *4.  Indeed, there is nothing unclear or mistaken about Judge Cogan's determination, based on his review of the record evidence, that there is no genuine dispute that NASL's proposed market definition is correct.  Accordingly, Judge Cogan unequivocally ruled that "NASL's definition of the relevant markets **will govern during the trial**."  Order at 53 (emphasis added).  There is nothing about that unambiguous ruling that requires clarification.

What Defendants are really arguing is that this Court should second-guess Judge Cogan's market definition ruling and reconsider it—a point which they bury in a footnote.  *See* Mot. at 7 n.2.  But this request fares no better, as Defendants do not cite any change in controlling law or new facts that were not presented to and considered by Judge Cogan.  They thus do not come close to satisfying the strict standards for reconsideration.  *See, e.g.*, *Avola v. La.-Pac. Corp.*, 991 F. Supp. 2d 381, 401-02 (E.D.N.Y. 2013) (denying motion for reconsideration as an "attempt[] to relitigate issues that th[e] Court's summary judgment decision already addressed").

Defendants' own papers make it abundantly clear that they are asking this Court to rehash the very same arguments and evidence challenging Plaintiff's market definition that were presented to and rejected by Judge Cogan, one of the most experienced antitrust jurists in this District.  *See* Mot. at 2-4, 6 (citing to summary judgment briefing and expert reports that Judge Cogan reviewed).  This request for a replay is not a proper basis for seeking reconsideration.  *See United States ex rel. Grubea v. Rosicki, Rosicki & Assocs., P.C.*, 319 F. Supp. 3d 747, 752 (S.D.N.Y. 2019) ("[M]ere disagreement with a discretionary decision made for good cause is not equivalent to 'an intervening change of controlling law . . . or the need to correct a clear error' sufficient to justify reconsideration.") (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *Laufer v. Annucci*, 2023 WL 5613395, at *4 (E.D.N.Y. Aug. 30, 2023) ("disagree[ment]" does not entitle petitioner to "an alternative finding").

4

In a futile effort to evade the need for a change in controlling law or new evidence not previously considered, Defendants argue that Judge Cogan's ruling should be revisited because: (1) NASL was not the party who moved for summary judgment on market definition; (2) there was purportedly "hotly contested" evidence on market definition that Judge Cogan did not appreciate; and (3) in his *Daubert* ruling, Judge Cogan indicated that Defendants' challenge to Dr. Noll's market definition testimony was more properly the subject of cross examination. None of these arguments comes close to satisfying the strict standards for reconsideration.

As an initial matter, Defendants' argument that NASL was not the party who moved for summary judgment on relevant market is legally irrelevant. Defendants put the issue of market definition squarely before Judge Cogan when they moved for summary judgment on Section 1 under the Rule of Reason, and Judge Cogan was thus called upon to review the full evidentiary record on this point in denying Defendants' summary judgment motion. The law is clear that, in such a situation, the Court has the authority to grant summary judgment to any party on the issues presented, "including a non-movant" like NASL. *See Fannie Mae v. Olympia Mortg. Corp.*, 792 F. Supp. 2d 645, 650 (E.D.N.Y. 2011) (denying movant's motion for summary judgment and granting summary judgment in favor of non-movant on certain claims based on record presented).

Moreover, Judge Cogan was fully authorized under Federal Rule of Civil Procedure 56(g) to "enter an order stating any material fact … that is not genuinely in dispute and treating the fact as established in the case" to "streamline the litigation process by narrowing the triable issues." Fed. R. Civ. P. 56(g); *In re Bak*, 2013 WL 653073, at *3 (D. Conn. Feb. 20, 2013). This is precisely what Judge Cogan did when he ruled, after reviewing all the record evidence, that there was no genuine issue to be tried with respect to NASL's proposed market definitions so that summary judgment on this issue should be granted in its favor. Order at 52-53.

5

Nor is there any basis for this Court to reconsider the evidentiary record on market definition presented, in full, to Judge Cogan. Defendants do not, and cannot, point to any new facts that were not part of the massive summary judgment record that Judge Cogan reviewed. The parties together presented over 128 pages of briefing and over 49 exhibits in support of their relevant market arguments and Judge Cogan carefully considered all of this evidence before rendering his summary judgment decision on this issue.[1] Defendants' efforts to reargue these issues and evidence simply because they disagree with Judge Cogan's cogent analysis is not a proper basis for a reconsideration motion. *See* case discussion at pp. 3-4, *supra*.

Simply put, Defendants' assertion that Judge Cogan "did not—and had no reason to— consider any of [Defendants' relevant market] evidence" is patently false. Mot. at 6. Judge Cogan was not required to discuss every piece of evidence in reaching his decision, and there is no indication that he ignored any of Defendants' evidence when he determined to grant summary judgment in Plaintiff's favor on the relevant market issue. Absent such evidence, Defendants' motion for reconsideration must be rejected. *See Campbell v. New York City Transit Auth.*, 2015 WL 7455842, at *7 (E.D.N.Y. Nov. 23, 2015) (moving party "must show that a court overlooked factual matters entirely—simply arguing that the discussion of those matters was inadequate will not suffice"). Even a cursory review of Judge Cogan's summary judgment and *Daubert* rulings makes it abundantly clear that he was thoroughly familiar with all of the evidence on relevant market presented by the parties. *See* Order at 27-36, 52-57 (discussing arguments in motion to exclude Dr. Noll, preliminary injunction briefing, and summary judgment filings).

Finally, there is no inconsistency between Judge Cogan's discussion of Defendants'

---

[1] *See, e.g.*, ECF No. 262 at 3-4, 27-36; ECF No. 272 at 5-9; ECF No. 322 at 1-5, 7-9, 22-24; ECF No. 283 at 5, 45-50; ECF No. 289 at 33-40; ECF No. 310 at 23-25; ECF No. 291 at 1, 3-6, 8-15, 20-22; ECF No. 296 at 1, 3-17, 19-21; ECF No. 311 at 1-10.

relevant market arguments in support of their failed *Daubert* challenge to Dr. Noll and his subsequent granting of summary judgment on the relevant market issue in favor of NASL. In rejecting Defendants' *Daubert* motion, Judge Cogan made the familiar observation that Defendants' arguments against Dr. Noll's relevant market analysis went to weight, not admissibility, and thus were "better left to cross examination rather than exclusion." *Id.* at 32. There was no inconsistency in making this observation as a basis for rejecting Defendants' *Daubert* motion and then later going on to rule, when considering all of the evidence, that there was no basis in the record for Defendants to genuinely dispute the relevant market issue. *See, e.g.*, Order at 52-53. There is no doubt that Judge Cogan was aware of his two rulings and viewed them as consistent, because he expressly cited his earlier *Daubert* discussion of the relevant market evidence in granting summary judgment on this issue in NASL's favor. *Id.* at 53.

Having cited no clerical error, no change in controlling law, and no new evidence not considered by Judge Cogan, Defendants have failed to present any basis for this Court to either clarify or reconsider the summary judgment ruling in NASL's favor on the relevant market issue.

**II.     The Court Should Not Reconsider Judge Cogan's Carefully Reasoned Decision Rejecting MLS's Motion for Summary Judgment on Count III**

MLS fares no better in arguing that this Court should reconsider Judge Cogan's ruling that NASL's conspiracy to monopolize claim raises genuine issues of material fact that require a trial. MLS does not cite any change in controlling law, or any new facts not considered by Judge Cogan, to support its reconsideration motion. The motion should thus be summarily denied.

Indeed, MLS does not dispute the fact that Judge Cogan ruled that Counts III to V, brought under Section 2 of the Sherman Act, should proceed to trial on the same basis as Count II, brought under Section 1, because "the Court's ruling on Count II subsumes certain of the arguments that

7

MLS also made as to Counts III-V." Mot. at 7 n.3.[2] That ruling, unchallenged by MLS, states that NASL's "Section 2 claims rise and fall with its Section 1 claims," and "the Section 1 and Section 2 claims form two sides of the same coin." Order at 57.

MLS argues that reconsideration is warranted with respect to the conspiracy to monopolize claim to the extent that this Count alleges a conspiracy to monopolize Division 2 ("D2"). Specifically, MLS argues that Judge Cogan was in error because the law, according to MLS, requires that MLS be a participant in the D2 market to be subject to a conspiracy to monopolize claim with respect to that market and the evidence, according to MLS, cannot show such participation. Mot. at 7-9. But the problem with MLS's motion is that it made these exact same arguments to Judge Cogan to no avail. *See* ECF No. 283 at 51-52; ECF No. 310 at 25-27. It thus has nothing to present that would warrant this Court second-guessing Judge Cogan's ruling.

Nor is there any basis for MLS to argue that Judge Cogan was in error. To the contrary, as NASL explained, courts in this Circuit have held that defendants do not have to participate in the market at issue to be subject to a conspiracy to monopolize claim. *See* ECF No. 289 at 44-46 (citing, *e.g., Volvo N. Am. Corp. v. Men's Int'l Pro. Tennis Council*, 857 F.2d 55, 60, 74 (2d Cir. 1988) (upholding conspiracy to monopolize allegations where defendant did not compete in the alleged relevant markets) and *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1062 (2d Cir. 1996), *vacated on other grounds*, 525 U.S. 128 (1998) ("[T]o be liable for conspiracy to monopolize, it is not necessary that the … Defendants compete directly in the [relevant] market.")). The only case MLS cites in opposition to this point is an inapposite decision involving a claim of monopolization—not a conspiracy to monopolize claim. *RxUSA Wholesale v. Alcon Labs, Inc.*,

---

[2] USSF does not challenge this ruling, likely because USSF did not brief Count III and instead relegated its argument on that Count to a footnote. ECF No. 262 at 17 n.7.

8

661 F. Supp. 2d 218, 227 (E.D.N.Y. 2009).  But NASL does not allege monopolization or attempted monopolization of the *D2* market by MLS.  ECF No. 289 at 44.  Rather, those two claims are directed at MLS's monopolization and attempted monopolization of the *D1* market—and there is no dispute that MLS competes in the D1 market.

Further, the factual arguments presented by MLS for the proposition that it did not participate in the D2 market were also presented to Judge Cogan, along with the evidence presented by NASL in opposition to this point.  Specifically, NASL presented evidence showing that MLS did participate in the D2 market through its 12 teams in USL and its affiliation with USL.  *See, e.g.*, *id.* at 45-46.[3]  Judge Cogan thus had ample evidence to conclude that, even if there was a requirement that MLS participate in the D2 market to be charged with a conspiracy to monopolize that market, NASL had raised genuine issues of fact in support of such a claim.

Judge Cogan thus correctly rejected—and did not miss—MLS's argument that it could not be held liable for conspiring to monopolize the D2 market.  *See Vasquez*, 2024 WL 1886656, at *3 (assertions "that the Court missed the 'crux' of the argument" not "proper on a motion for reconsideration").  None of the evidence cited by MLS is new and none of MLS's factual or legal arguments present a proper ground for reconsidering Judge Cogan's ruling on Count III.

### III. Defendants Have No Basis to Ask This Court to Reconsider Judge Cogan's Ruling Excluding Professor Solomon's Irrelevant Rebuttal Testimony

Finally, Defendants have not presented any change in controlling law or new evidence to support their request for this Court to reconsider Judge Cogan's *Daubert* ruling excluding the testimony of Professor Solomon in its entirety on relevance grounds.  Order at 37.  In opposition to NASL's *Daubert* motion, Defendants admitted that Professor Solomon's testimony solely on

---

[3] And, as Judge Cogan's Order recognized, "[a]lthough not named as a defendant, NASL claims that USL was a member of the conspiracy."  Order at 28 n.5.

corporate governance issues "should have no bearing on NASL's antitrust claims." ECF No. 314 at 1, 4. Defendants now argue that Judge Cogan erred because Professor Solomon should be able to offer his testimony to rebut the permitted expert testimony of Dr. Szymanski on the economic theory of regulatory capture. Mot. at 9-10. But Defendants do not point to any facts or law ignored by Judge Cogan in excluding the Solomon testimony; they just disagree with his conclusion.

Nor is there any basis for Defendants to contend that Judge Cogan erred. The facts are that Professor Solomon is not an economist and he thus has no competent opinion to offer on the economic theory of regulatory capture which Dr. Szymanski, an economist, can present to the fact finder. Defendants do not point to a *single* page or paragraph of Solomon's expert report—which Judge Cogan reviewed at the time he ruled to exclude Solomon's testimony—that contains any economic discussion of the regulatory capture issue. In fact, Defendants conceded they were not offering Solomon as an expert on economic and industry issues and *repeatedly* insisted that Solomon opined "solely on corporate governance issues" and thus did not "veer beyond his area of expertise." ECF No. 314 at 1, 4, 9-10. It is thus unsurprising that Judge Cogan found no basis to permit Professor Solomon to rebut Dr. Szymanski on the economic issues of regulatory capture.

Judge Cogan's decision to exclude the rebuttal testimony of Professor Solomon must be afforded "substantial discretion" on a motion for reconsideration, and Defendants provide no basis for this Court to revisit that decision. *LM Ins. Corp. v. Safety Nat'l Cas. Corp.*, 2023 WL 8440864, at *1 (E.D.N.Y. Dec. 6, 2023); *see also Bocoum v. Daimler Trucks N. Am. LLC*, 2023 WL 1466597, at *4 (S.D.N.Y. Feb. 2, 2023) (denying motion to reconsider exclusion of expert testimony).

## **CONCLUSION**

For all the foregoing reasons, NASL respectfully requests that the Court deny Defendants' Motion to Reconsider and for Clarification.

10

Dated: July 10, 2024  By:  /s/ Jeffrey L. Kessler
Jeffrey L. Kessler
David G. Feher
Eva W. Cole
Johanna Rae Hudgens
Mark E. Rizik Jr.
**WINSTON & STRAWN, LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
ewcole@winston.com
jhudgens@winston.com
mrizik@winston.com

Clifford H. Pearson (Admitted *Pro Hac Vice*)
Daniel L. Warshaw (Admitted *Pro Hac Vice*)
Matthew A. Pearson (Admitted *Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Tel.: (818) 788-8300
Fax.: (818) 788-8104
cpearson@pwfirm.com
dwarshaw@pwfirm.com
mapearson@pwfirm.com

Jill M. Manning (Admitted *Pro Hac Vice*)
Neil J. Swartzberg (Admitted *Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
555 Montgomery St., Suite 1205
San Francisco, CA 94111
Tel.: (415) 433-9000
Fax.: (415) 433-9008
jmanning@pwfirm.com
nswartzberg@pwfirm.com

*Counsel for Plaintiff North American Soccer League, LLC*

11

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury that a true and correct copy of the foregoing Plaintiff North American Soccer League, LLC's Memorandum of Law in Opposition to Defendants' Motion To Reconsider and for Clarification was served by operation of the Court's ECF system upon all counsel of record on July 10, 2024.

Dated: New York, New York
July 10, 2024

                                                  s/ Jeffrey L. Kessler
                                                    Jeffrey L. Kessler