```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
NORTH AMERICAN SOCCER LEAGUE                                :
LLC,                                                        :   **ORDER GRANTING IN PART AND**
                                                            :   **DENYING IN PART**
                  Plaintiff,                                :   **DEFENDANTS' MOTION FOR**
                                                            :   **CLARIFICATION AND**
           - against -                                      :   **RECONSIDERATION**
                                                            :
UNITED STATES SOCCER                                        :   17-cv-5495 (HG)
FEDERATION, INC., and MAJOR                                 :
LEAGUE SOCCER, LLC,                                         :
                                                            :
                                                            :
                  Defendants.                               :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is defendant United States Soccer Federation ("U.S. Soccer") and defendant Major League Soccer's ("MLS," together with U.S. Soccer, "defendants") motion to clarify and reconsider my June 12, 2024 Memorandum Decision and Order (the "Order"), which, *inter alia*, denied plaintiff North American Soccer League's ("NASL") motion for summary judgment and granted in part and denied in part defendants' motions for summary judgment. The Court rules on the motion as follows.

First, defendants seek clarification of the Order as it relates to market definition. The Order did not take the issue of market definition away from the jury. It held only that the definition of the relevant market was an issue of fact to be resolved at trial. It thus did not grant summary judgment – to either party – on the issue of market definition. At trial, NASL will be permitted to present evidence of its proposed market definition, and defendants will be permitted to present evidence casting doubt on NASL's market definition or to introduce evidence during their case on their contrary definition of the market. Thus, to the extent the Order suggested any

limitation on defendants' ability to prove the appropriate market definition, it is corrected by the instant order.

Second, defendants seek reconsideration of the Order insofar as it allows the portion of NASL's Count III alleging a conspiracy to monopolize Division 2 ("D2") to proceed to trial. This portion of the Order will stand. NASL adduced enough evidence at the summary judgment phase to create an issue of material fact as to whether MLS, via its twelve United Soccer League ("USL") teams and broader affiliation with USL, conspired to monopolize the D2 market. MLS, of course, is free to present contrary evidence on this issue at trial. This portion of defendants' motion is therefore denied.

Third, defendants seek reconsideration of the part of the Order excluding their expert Professor Solomon's testimony. As the Order explains and defendants concede, Solomon's expertise solely centers on corporate governance, which is irrelevant to this antitrust case. An additional defense expert to counter Professor Szymanski's regulatory capture theory is unnecessary. Defendants are free to cross-examine Szymanski on regulatory capture theory at trial and, as the Order states, are welcome to point out that his prior writings on this subject are sparse. This portion of their motion is also denied.

Defendants' motion for clarification and reconsideration is therefore granted in part and denied in part, consistent with the above rulings.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
　　　　July 18, 2024