# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN SOCCER LEAGUE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION, INC., and MAJOR LEAGUE SOCCER, L.L.C.,<br><br>Defendants. | Civil Action No. 1:17-cv-05495-HG<br><br>**PROPOSED DESCRIPTION OF THE CASE FOR VOIR DIRE** |

Pursuant to the pretrial schedule in the above-captioned action (ECF No. 407), ordered into effect by this Court on August 9, 2024, the parties to this action hereby submit the following as a proposed description of the case for use in *voir dire*. The parties have noted one disagreement between the parties using bolded and underlined text.

## DESCRIPTION OF THE CASE

This is an antitrust lawsuit brought by a soccer league—the North American Soccer League, or NASL—against two defendants. One of them is another soccer league, Major League Soccer, or MLS.

**Plaintiff's version: The other is the United States Soccer Federation. The United States Soccer Federation is a member of FIFA, the international soccer organization, and is its designated National Association member for the United States.** [1]

**Defendants' version: The other is the United States Soccer Federation or U.S. Soccer, which is the national governing body for the sport of soccer in the United States.** [2]

---

[1] Defendants proposed a neutral, succinct statement of the case which did not contain any objectionable language. Rather than proceed with that straight-forward language, NASL is proposing to add superfluous and prejudicial language to advance its misguided belief that introducing U.S. Soccer to the jury in connection with FIFA will distract from NASL's founder, chairman, and primary funder being indicted in a FIFA bribery scandal. NASL's transparent tactic is inappropriate and that type of posturing has no place in a voir dire description of the case.

NASL responds that Defendants' allegations about the "tactics" of NASL are false and have no place before the Court. NASL's reasons for rejecting Defendants' language is unrelated to any effort to "distract" from other issues and are set forth in footnote 2. NASL also notes that Defendants have tried at every turn to inject the Traffic issues into the preliminary instructions and case statement despite the Court's admonishment that it is inappropriate to do so.

[2] Defendants have proposed using the term "U.S. Soccer" as shorthand for the United States Soccer Federation and describing itself as a national governing body in this preliminary description of the case for voir dire. NASL asserts that using these terms will mislead the potential jurors into believing U.S. Soccer is a governmental entity and create bias before the case has even begun. NASL thus requests that the Court use the full name "U.S. Soccer Federation," and use the neutral description provided. NASL also notes that the parties disagree as to the extent of U.S. Soccer Federation's authority as the "national governing body" for men's professional soccer in the United States. *See* ECF No. 451 at 6–9. And NASL does not attempt to use U.S. Soccer Federation's connection to FIFA to "distract" from other issues—U.S. Soccer Federation's relationship with FIFA is relevant to how and why U.S. Soccer Federation has the authority to sanction professional soccer leagues. Defendants will have the opportunity to describe what the U.S. Soccer Federation is at trial and do not need to do so in this preliminary statement.

Defendants respond that referring to "U.S. Soccer" as the "national governing body for the sport of soccer in the United States" is entirely factual and non-prejudicial. As even NASL admits, U.S. Soccer has authority from Congress to govern the sport of soccer in the United States. ECF No. 451 at 18-19. There is no reason to believe the jury will think "U.S. Soccer" means the U.S. federal government operates the entity, as that is illogical, not something that Defendants would suggest, and would not necessarily cause jurors to favor U.S. Soccer in any event. Furthermore, "U.S. Soccer" is the way the entity and others refer to the organization in the ordinary course of business, and consistent with that, is the way the entity is often referred to throughout the evidentiary record in this case.

NASL claims in this lawsuit that U.S. Soccer **Federation** and MLS have entered into an unlawful conspiracy to give MLS a monopoly over top tier men's professional soccer. NASL also claims that U.S. Soccer **Federation** and MLS conspired to have U.S. Soccer **Federation** apply Standards to prevent NASL from competing as a second-tier men's professional soccer league.

U.S. Soccer **Federation** and MLS deny that they entered into any conspiracy, and instead contend that NASL's failures to succeed were of its own doing.

NASL seeks money damages for its alleged losses. U.S. Soccer **Federation** and MLS argue that their actions did not cause any money damages to NASL.

Respectfully submitted,

By: *s/Jeffrey L. Kessler*

Jeffrey L. Kessler
David G. Feher
Eva W. Cole
Johanna Rae Hudgens
Mark E. Rizik Jr.
**WINSTON & STRAWN, LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jkessler@winston.com
dfeher@winston.com
ewcole@winston.com
jhudgens@winston.com
mrizik@winston.com

Clifford H. Pearson (Admitted *Pro Hac Vice*)
Daniel L. Warshaw (Admitted *Pro Hac Vice*)
Matthew A. Pearson (Admitted *Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Tel.: (818) 788-8300
Fax.: (818) 788-8104
cpearson@pwfirm.com
dwarshaw@pwfirm.com
mapearson@pwfirm.com

Neil J. Swartzberg (Admitted *Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 1205
San Francisco, California 94104
Tel.: (415) 433-9000
Fax.: (415) 433-9008
nswartzberg@pwfirm.com

*Counsel for Plaintiff North American Soccer League, LLC*

By: s/ *Lawrence E. Buterman*

Lawrence E. Buterman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864

Christopher S. Yates (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

*Counsel for Defendant United States Soccer Federation, Inc.*

By: *s/Bradley I. Ruskin*

Bradley I. Ruskin
Kevin J. Perra
Scott A. Eggers
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
(212) 969-3000
bruskin@proskauer.com
kperra@proskauer.com
seggers@proskauer.com

Colin R. Kass
**PROSKAUER ROSE LLP**
1001 Pennsylvania Ave., NW, Suite 600S
Washington, DC 20004
(202) 416-6800
ckass@proskauer.com

*Counsel for Defendant Major League Soccer, L.L.C.*