

**PEARSON WARSHAW, LLP**
15165 VENTURA BLVD., SUITE 400
SHERMAN OAKS, CA 91403
(818) 788-8300
WWW.PWFIRM.COM

Hon. Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

Re:    *NASL v. USSF and MLS*, No. 1:17-cv-05495

Dear Judge Gonzalez:

I write in response to Defendants' letter, filed earlier today (ECF No. 520) ("Letter"), requesting various measures limiting the scope of Dr. Williams' testimony and NASL's questioning about damages, while permitting Defendants to ask about certain topics and to submit a new report from their damages expert, Mr. Meyer. NASL responds regarding each of Defendants' proposed measures below.

## I.    Defendants' Request for Leave to Submit a New Report from Mr. Meyer

NASL does not oppose Defendants' request for leave to submit a new rebuttal report from Mr. Meyer, so long as (i) Defendants are required to call Mr. Meyer at least 48 hours after his new rebuttal report has been served, to allow NASL adequate time to prepare for cross-examination, and (ii) Mr. Meyer is prohibited from offering an affirmative opinion on the proper amount of damages in this case, given that he declined to do so earlier in the case, and NASL now would not have a fair opportunity to have Dr. Williams respond to any such opinion.

## II.   Defendants' Request to Preclude NASL from Cross-Examining Mr. Meyer About Rebuttals to Dr. Williams' Excluded Expert Opinions

Defendants request the Court to "preclude Plaintiff from cross-examining Defendants' damages expert, Paul Meyer, on any rebuttals to Dr. Williams' now-excluded prior expert opinions." Ltr. 1. NASL would not object to this proposal, as long as Defendants similarly are prohibited from conducting questioning about Mr. Meyer's past rebuttal opinions regarding Dr. Williams' now-excluded opinions, or about Dr. Williams' specific prior statements and opinions in response. If Defendants do conduct any such questioning of Dr. Williams or Mr. Meyer, then NASL should be entitled to a fair opportunity to respond with its own questioning on the same subject matters.

## III.  Defendants' Request to Preclude Dr. Williams from Referencing Models That Corroborate His Baseline Damages Figures

Defendants request the Court to "preclude Dr. Williams from referencing his valuation and benchmark models, as well as indicating generally that he created any other models that corroborate his 'primary baseline' damages figures." Ltr. 1. NASL would not object to limiting Dr. Williams' testimony about D1 damages to his primary baseline estimate, unless Defendants open the door to questioning about the valuation and benchmark models—for example, by using those models to try to show that "the wide range of Williams' various models renders his opinions 'inherently and irreconcilably contradictory,'" as Defendants attempted to do in their original

*Daubert* briefing. ECF No. 399 at 18. In that event, Dr. Williams must be permitted a fair opportunity to explain what those models were and that they in fact supported his D1 damages estimates.

As for D2 damages, Defendants propose that if Dr. Williams "reference[s] his alternative models for Division 2 damages or even indicate[s] broadly that his other models corroborate the accuracy of his baseline calculations, Defendants should be permitted to elicit testimony from Dr. Williams that he has no such corroboration for his Division 1 calculations." Ltr. 3. It is NASL's understanding that Defendants' reference to "other models" is a reference to Dr. Williams' valuation and benchmark models. If so, then NASL does not object to this proposal.

### IV. Defendants' Requests for Permission to Question Dr. Williams About Past "Errors," While Barring Dr. Williams from Explaining That These Were In Fact "Conservative" Adjustments

Defendants assert that Dr. Williams "conceded [that] he failed to" address certain issues in his original report, and that these were "errors that have necessitated revisions and corrections" in "numerous reports." Ltr. 1. This is a serious mischaracterization of Dr. Williams' work, as the Court recognized in its original *Daubert* decision.[1] Dr. Williams has stood by the reliability of his original damages models, setting aside the two Court-ordered adjustments to address entry fees owed to Team Holdings and NASL's remaining value as a D2 league after the D1 denial.[2]

When Dr. Williams offered alternative damages estimates with adjustments to address critiques by defense experts, he did so to allow the jury to consider those estimates if it concluded that such adjustments were warranted.[3] And, as the Court held in its *Daubert* Order, "there is nothing wrong with an expert accounting for criticism in a rebuttal or supplemental report that may or may not be accepted by the jury." ECF No. 399 at 18.

Now, Defendants seek leave to question Dr. Williams about these adjustments as supposed "errors," while preventing Dr. Williams from explaining that they were in fact "conservative" adjustments that he believed were unnecessary. Ltr. 1, 3. This would be manifestly unfair and unbalanced. If Defendants seek to falsely portray Dr. Williams' adjustments as "errors" that he "conceded" (Ltr. 1), then Dr. Williams should be permitted to state the truth in response—that those adjustments were conservative adjustments that he believed were unnecessary.

---

[1] ECF No. 399 at 18 ("Defendants first contend that the wide range of Williams' various models renders his opinions 'inherently and irreconcilably contradictory.' … [D]efendants mischaracterize Williams' proffered opinions.").

[2] *See, e.g.*, July 2, 2024 Rep. ¶ 7, ECF No. 441-2 (defense experts' other critiques "are misplaced or unfounded, and none of them altered my opinion that my original report provides reasonable and reliable estimates of the NASL's damages.").

[3] July 17, 2020 Rep. ¶ 13, ECF No. 309-3 ("While I still conclude that the three damages models provided in my original report and rebuttal report are reliable estimates of the damages resulting from the Division I and Division II decisions, I also offer an alternative after making the conservative adjustments referenced above.").

### V. Testimony Regarding Outcomes of Prior Motion Practice Concerning Dr. Williams

Given that Dr. Williams will not be able to testify about his prior opinions that were excluded by Court order, NASL respectfully submits that Defendants should be prohibited from stating or obtaining testimony that certain aspects of Dr. Williams' analysis previously were excluded by Court order. Otherwise, Dr. Williams would be put in the impossible and unjust position of having to acknowledge past exclusions without being able to explain what he originally did and how he now has corrected those prior issues. This would be unduly prejudicial and be misleading and confusing for the jury under Rule 403.

Should the Court deem such an order appropriate, NASL similarly would be willing to refrain from seeking testimony that the Court rejected most of Defendants' and Mr. Meyer's challenges to Dr. Williams in their *Daubert* briefing. ECF No. 399 at 27 ("Having dispensed with most of defendants' challenges to Williams's damages model, … Dr. Williams will be permitted to rely on his damages estimates as a general matter").

Respectfully submitted,

By:  s/Jeffrey L. Kessler  
Jeffrey L. Kessler

cc: All counsel of record (via ECF)