

**PEARSON WARSHAW, LLP**
15165 VENTURA BLVD., SUITE 400
SHERMAN OAKS, CA 91403
(818) 788-8300
WWW.PWFIRM.COM

January 27, 2025

Hon. Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

Re:     *NASL v. USSF and MLS*, No. 1:17-cv-05495

Dear Judge Gonzalez:

     I write regarding Defendants' intended video presentation of the deposition testimony of Aaron Davidson, which Defendants have indicated could come as early as Tuesday of this trial week.  Under the parties' agreed-upon procedure for finalizing deposition videos to be played in Court, Defendants sent their revised designations for the Aaron Davidson video on Saturday, January 25th.  Based on an analysis utilizing video-editing software, the revised designations include over 40 minutes of testimony from Mr. Davidson, including ***75 instances*** where Mr. Davidson invokes the Fifth Amendment, making up ***nearly half*** of the designated questions and answers in Defendants' designations.  While Plaintiff recognizes that the Court has already ruled on individual objections that Plaintiff has made to the designations, the form of the intended video presentation runs afoul of the Court's order on this issue:

> "[T]he Court reminds Defendants that because they intend to play portions of Davidson's recorded deposition, 'the admissibility of [his] privilege invocation [remains] governed by Rules 401 and 403,' and that this applies to both the content of the evidence ***as well as the form*** in which it is presented. *In re 650 Fifth Ave. & Related Props.*, 934 F.3d 147, 171–72 (2d Cir. 2019) (rejecting as 'inflammatory' the 'dramatic presentation' of 'videotapes of nontestifying individuals declining to answer question after question')." ECF No. 451 ("Early MIL Order") at 17, fn. 10 (emphasis added).

     The Court has further explained that "neither Davidson nor Traffic is on trial in this case" and it "will not permit Defendants to cross the line at trial and attempt to use the indictments and guilty pleas as a smear tactic against NASL." Early MIL Order at 8.  The currently proposed video is exactly the type of "dramatic presentation" that violates Rules 401 and 403 and serves no effect other than to smear NASL.  If permitted to proceed as proposed, jurors will be inundated with Mr. Davidson's repeated Fifth Amendment invocations, seeing him "declining to answer question after question." *In re 650 Fifth Ave.*, 934 F.3d at 172.  The number of invocations alone is prejudicial and needlessly cumulative, crossing the line set by the Court in the Early MIL Order.  Fed. R. Evid. 403.

     Moreover, much of the selected testimony has been included by Defendants solely to present the jury with Defendants' inflammatory questions, the bases for which are neither grounded in, nor corroborated by, the testimony of other trial witnesses.  This tactic—"repeatedly put[ting] the [opposing party's] incriminating question in the jurors' minds"—is prejudicial and should not be permitted.  *In re 650 Fifth Ave.*, 934 F.3d at 172.  Indeed, given the substantial argument and questioning Defendants have already done on issues related to Traffic and Mr.

Davidson at trial, Defendants should not be allowed to use this video to "belabor the details of Davidson's and Traffic's conduct[.]"[1] Early MIL Order at 8.

In addition, Defendants' designations heavily feature questions (and invocations of the Fifth Amendment in response) about conduct that Defendants' deposition questions characterize as a "bribe" paid to induce a team to join NASL, but for which there is no foundational evidence at trial or otherwise. *See* DX-163.0002 (Rishi Sehgal's email simply saying "when you say 'we shouldn't say anything' are you suggesting that you should not pursue the other channel") and related trial testimony at Tr. 591-597. Critically, such testimony is not being used, as limited by the Court's order on this issue, to "counter [a] narrative" that that team "joined NASL rather than another league because of plaintiff's success." December 5, 2024 Hearing Transcript at 13-14. The designated questioning of Mr. Davidson about an alleged bribe is not "countering" anything – Plaintiff has proffered no record evidence that the team joined the NASL rather than another league because of its success.[2] These questions thus threaten to unfairly prejudice, mislead and confuse the jurors. Fed. R. Evid. 401, 403.

The currently proposed Aaron Davidson video is contrary to both this Court's *in Limine* Orders and the Federal Rules of Evidence. NASL accordingly requests that the designations identified in Appendix A be removed from the video or that the repeated Fifth Amendment invocations be otherwise limited.[3]

                                                                              Respectfully submitted,

                                          By:    s/ Eva W. Cole
                                                         Eva W. Cole

cc:     All counsel of record (via ECF)

---

[1] *See, e.g.*, ECF No. 479-16 (Davidson Tr.) at 107:22-108:9; 115:6-115:11; 145:17-146:14; 170:15-171:02; 180:12-180:18; 194:15-19:22; 195:05-195:09; 198:03-198:11.

[2] *See, e.g.*, ECF No. 479-16 (Davidson Tr.) at 117:23-118:3; 124:14-124:20; 128:5-128:9; 135:12-135:15; 138:10-138:13; 139:5-139:8; 152:11-152:17.

[3] This is exactly the type of evidentiary alternative contemplated by the Second Circuit in *In re 650 Fifth Ave*, 934 F.3d 147, 172 (2d Cir. 2019) (noting that "substantially less prejudicial and redundant alternatives were available, such as . . . a scaled-back showing of the videotapes.").