**LATHAM&WATKINS**LLP                                                                 **Proskauer»**

February 1, 2025

**VIA ECF**

The Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

           Re:    *North American Soccer League, LLC ("NASL") v. United States Soccer Federation, Inc. ("U.S. Soccer"), and Major League Soccer, L.L.C. ("MLS"),* No. 1:17-cv-05495-HG (E.D.N.Y.)

Dear Judge Gonzalez:

      As discussed with the Court yesterday (Tr. 2848:1–14), during Plaintiff's closing argument, NASL's counsel stated that Aaron Davidson's lawyer had instructed Mr. Davidson to invoke his Fifth Amendment rights in response to questions on "anything" in a given time period. *See* Tr. at 2818:9–11 ("his counsel gave him a time period . . . anything within that time period he's invoking the Fifth"); *id.* at 2818:16–19 ("He's not invoking the Fifth because there's some criminality involved he was invoking the Fifth because his lawyer told him to invoke the fifth all over the place in the time period."). There is absolutely no evidence presented to the jury that Mr. Davidson's invocations were made pursuant to any such instruction by his counsel. It is also contrary to the fact that Mr. Davidson provided substantive answers rather than invoking the Fifth Amendment in response to numerous questions about events during the same time period. *E.g.*, JX-114 at 42:05–42:07; 254:21–254:24; 255:09–255:14; 310:20–311:04.

      Moreover, NASL's counsel tried to suggest this concept by referencing a question that was not included in the final designations played to the jury:

> [L]ook at this one. Page 305 question, NASL was formed in late 2009 with 11 teams, only four made it to the 2011 season under the same ownership and those four were Fort Lauderdale he had Monday ton Tampa and Montreal was that an accurate statement. Invoke the Fifth. What could be criminal about that. He's not invoking the Fifth because there's some criminality involved he was invoking the Fifth because his lawyer told him to invoke the fifth all over the place in the time period.

Tr. 2818:11–19. That question and answer were not in the designated testimony for Mr. Davidson and are not in the record. *See generally* JX-114.

      In light of this misleading and prejudicial argument regarding Mr. Davidson's invocations made to the jury during closing, a curative instruction is necessary. Defendants respectfully request that the Court add the following to the end of Instruction Number 12:

> However, you should not consider NASL's argument during closing arguments that Mr. Davidson invoked the Fifth Amendment only on the



advice of his attorney without considering the substance of the question or answer. There is no evidence in support of that claim by NASL's counsel and attorney argument, as I have instructed you, is not evidence.

Respectfully submitted,

| | |
|---|---|
| */s/ Lawrence E. Buterman* | */s/ Bradley I. Ruskin* |
| Lawrence E. Buterman | Bradley I. Ruskin |
| of LATHAM & WATKINS LLP | of PROSKAUER ROSE LLP |
| *Counsel for Defendant* | *Counsel for Defendant* |
| *United States Soccer Federation, Inc.* | *Major League Soccer, L.L.C.* |