IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN SOCCER LEAGUE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES SOCCER FEDERATION, INC. and MAJOR LEAGUE SOCCER, L.L.C., <br><br> Defendants. | Case No.: 1:17-cv-05495-HG <br><br> **DEFENDANTS' OBJECTIONS TO PROPOSED JURY INSTRUCTIONS** |

Defendants United States Soccer Federation, Inc. ("U.S. Soccer") and Major League Soccer, L.L.C. ("MLS") hereby object to the Final Jury Instructions circulated by the Court on January 31, 2025. ECF No. 531. As discussed at the January 23, 2025 Charge Conference, this submission is made in an abundance of caution to ensure that Defendants are preserving their arguments for appeal.[1] Accordingly, Defendants propose two additional instructions that Defendants previously submitted, but were omitted from the Final Jury Instructions. In addition, Defendants specifically preserve, and re-assert, all of the objections previously raised in the Parties' Joint Proposed Jury Instructions filed on December 6, 2024 (ECF No. 474), and the proposals that they made in the Parties' Joint Markup to the Chambers' draft, filed on January 13, 2025 (ECF No. 507).

**Proposed Additional Instruction No. 1: CASE LIMITED TO THE APPLICATION OF THE PROFESSIONAL LEAGUE STANDARDS TO NASL**

In determining whether NASL has established a violation of the Sherman Act for any of its claims, it is important to note that NASL is not challenging, and may not challenge, U.S. Soccer's

---

[1] *See* Jan 23, 2025 Hr'g Tr. at 1803:4-16 ("[I]f you want to have clarity on what I did or didn't do that you agree with or don't agree with or don't agree with, feel free to put it into a letter, but I'm not going to respond to it."); Dec. 20, 2024 Hr'g Tr. at 43 ("Unless you tell me you need more for appellate purposes, I don't think you do. But if you do, let me know and then I'll let you put in something to make the appellate record.").

1

right to adopt Professional League Standards, or to make divisional sanctioning designations based on those standards. Rather, NASL's claim is limited to whether the particular *application* of the Professional League Standards to deny NASL's sanctioning applications violated the Sherman Act. You may not consider any evidence or argument that the use of a sanctioning standards-based system is anticompetitive. Nor should you consider whether U.S. Soccer could have chosen a different set of standards, or a different system for making divisional sanctioning designations. That is, the purpose of this case is not to revisit the reasonableness of U.S. Soccer's Division 1 or Division 2 standards, but only to determine whether the application of those standards to NASL violated the Sherman Act.

Here, NASL seeks damages for the denial of two separate sanctioning applications: the denial of NASL's application to be sanctioned as a Division 1 league for the 2016 season and the denial of NASL's application to be sanctioned as a Division 2 league for the 2018 season. You must separately consider whether each denial violated the Sherman Act. That is, you may find that either, neither, or both denials were unlawful.

**ARGUMENT**: Jury instructions should be tailored to reflect the specific claims asserted by the plaintiff. Proposed Additional Instruction No. 1 accurately describes the claims asserted by NASL and is necessary to prevent jury confusion. The Court previously "made clear that the remainder of NASL's case turns on the ***application*** of the Standards, not on the decision to use sanctioning standards to restrict entry . . . . Accordingly, at trial, Plaintiff may not offer evidence or argument that the use of a sanctioning standards-based system is anticompetitive and serves no legitimate purpose." ECF No. 451 at 3-4. To avoid any confusion, it is critical that the Court instruct the jury that this case is not about whether it was appropriate for U.S. Soccer to adopt the Professional League Standards or whether those Standards are reasonable. NASL's claim is that the Standards were applied in an illegal manner to restrict competition. The jury instructions should

2

reflect that claim.

Similarly, NASL seeks damages solely in connection with the 2016 denial of its application to be sanctioned as a Division 1 league and the 2018 denial of its application to be sanctioned as a Division 2 league. Accordingly, the jury should be instructed to determine only whether those two denials were unlawful. NASL has submitted evidence concerning certain applications of the Standards from decades ago, before NASL was even formed. To avoid any confusion, the jury should be instructed that liability cannot turn on any application of the Standards other than the denials of NASL's applications in 2016 and 2018.

**Proposed Additional Instruction No. 2: <u>NO OBLIGATION TO AVOID CONFLICTS OF INTEREST</u>**

Both Defendant MLS and Plaintiff NASL are members of U.S. Soccer and both had representatives on U.S. Soccer's Board of Directors in 2017. The antitrust laws do not impose any special corporate governance rules on governing sports bodies, or require that all decisions by such bodies be free of conflicts of interest. As such, U.S. Soccer was permitted, but not obligated, to establish procedures to address such potential conflicts. Whether such procedures were effective or sufficient to eliminate any such conflicts is not relevant to whether there was an agreement among U.S. Soccer and its constituent members on its Board or any Committee to act anticompetitively.

Similarly, the antitrust laws do not prevent a representative member of a membership organization from expressing its views based on its own business interests. That is, when wearing the hat of a representative member in U.S. Soccer's governance process, a member does not have to ignore its own interests but can express views from its own point of view. As such, the mere fact that a representative member of U.S. Soccer's Board or Committee expressed views based on the business interests of the entity that person represents does not establish an agreement between U.S. Soccer and that person for purposes of Section 1.

3

**ARGUMENT**: This Court has recognized that "corporate governance" is "irrelevant" to NASL's claims. ECF No. 399 at 37. Yet NASL has referenced supposed conflicts of interest throughout its case-in-chief, including in its opening statement. *See, e.g.*, Tr. Trans. 229:11–20. Proposed Additional Instruction No. 2 seeks to clarify that whether there were conflicts of interest is a separate question from whether there was a conspiracy to restrain trade. NASL seeks to mislead the jury into thinking that conflicts of interest are sufficient to show an anticompetitive conspiracy. The jury should be instructed that this is not the law.

| | |
|---|---|
| Dated: February 1, 2025 | Respectfully submitted, |
| LATHAM & WATKINS LLP | PROSKAUER ROSE LLP |
| By: */s/ [DRAFT]* | By: */s/ [DRAFT]* |

Christopher S. Yates (*pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
chris.yates@lw.com

Lawrence E. Buterman
885 Third Avenue
New York, NY 10022
(212) 906-1200
lawrence.buterman@lw.com

Anna M. Rathbun (*pro hac vice*)
David L. Johnson (*pro hac vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
(202) 637-2200
anna.rathbun@lw.com
david.johnson@lw.com

*Counsel for Defendant United States Soccer Federation, Inc.*

Bradley I. Ruskin
Kevin J. Perra
Keisha-Ann Gray
Scott A. Eggers
Adam Farbiarz
Tara M. Brailey
Jacob R. Butwin
Eleven Times Square
New York, New York 10036
(212) 969-3000
bruskin@proskauer.com
kperra@proskauer.com
kgray@proskauer.com
seggers@proskauer.com
afarbiarz@proskauer.com
tbrailey@proskauer.com
jbutwin@proskauer.com

Colin R. Kass
1001 Pennsylvania Ave., NW, Suite 600S
Washington, DC 20004
(202) 416-6800
ckass@proskauer.com

Genesis Sanchez Tavarez
One International Place
Boston, MA 02110

(617) 526-9675
GSanchezTavarez@proskauer.com

*Counsel for Defendant Major League Soccer, L.L.C.*