![Latham & Watkins LLP] 

February 2, 2025

**VIA ECF**

The Honorable Hector Gonzalez
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   Re: *North American Soccer League, LLC ("NASL") v. United States Soccer Federation, Inc. ("U.S. Soccer"), and Major League Soccer, L.L.C. ("MLS"),* No. 1:17-cv-05495-HG (E.D.N.Y.)

Dear Judge Gonzalez:

We write as directed by the Court and in response to the letter received last night from counsel for NASL. In the transcript of the closing at page 2818:11, the question to which we referred in our letter of yesterday was miscited as occurring on page 305 of designations of the Davidson transcript. While neither that quote nor any other language was included in the Davidson designations at that page (see JX-114), we missed that the cited question was in the designations on another page (page 227), as pointed out by NASL's counsel. We apologize for not catching that issue.[1]

However, our principal point and the proposed curative instruction remain valid. NASL argued that Mr. Davidson's counsel's alleged advice was to take the Fifth on any questions covering a certain time period (Tr. 2818:7–11). There is no record evidence of any such advice. NASL argues that counsel can be heard instructing Mr. Davidson to invoke the Fifth in the video record and therefore that NASL was free to argue for an inference that Mr. Davidson's counsel's advice was to take the Fifth as to any questions concerning a specific time period. Defendants do not dispute that Mr. Davidson's counsel can be heard on the video telling his client to "invoke." But NASL did not argue the point in its closing as an inference to be gleaned from counsel's one-word instruction. Rather, NASL argued that "his counsel gave him a time period" (Tr. 2818:9) and that "[h]e's not invoking the Fifth because there's some criminality involved he was invoking the Fifth because his lawyer told him to invoke the fifth all over the place ***in the time period***" (Tr. 2818:16–19) (emphasis added). That was not an argument about an inference. That is an affirmative statement about the substance of the legal advice that Mr. Davidson was given that appears nowhere in the record. That exceeded the bounds of proper argument. *See United States v. Smith*, 778 F.2d 925, 929 (2d Cir. 1985) ("[W]e have repeatedly held that final arguments of counsel may be vigorous and robust if based on the evidence in the record.").

---

[1] At the close of Court on Friday, NASL's counsel (Ms. Hudgens) identified to Mr. Buterman where the question had appeared. Unfortunately, because of the Sabbath, Mr. Buterman was not able to communicate that information to the drafters of the letter before it was sent yesterday.



     As for counsel's argument about the sufficiency of the evidence regarding Mr. Sehgal, there is ample evidence beyond Mr. Davidson's invocation.  That evidence was reviewed at ECF 466 at 13–16. *See also* DX-163.  This Court has already rejected NASL's motion in limine on the subject of the Cosmos bribe.

                                            Respectfully submitted,

*/s/ Lawrence E. Buterman*                     */s/ Bradley I. Ruskin*
Lawrence E. Buterman                       Bradley I. Ruskin
of LATHAM & WATKINS LLP          of PROSKAUER ROSE LLP
*Counsel for Defendant*                      *Counsel for Defendant*
*United States Soccer Federation, Inc.*     *Major League Soccer, L.L.C.*