UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICAN SOCCER LEAGUE, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>UNITED STATES SOCCER FEDERATION, INC. and MAJOR LEAGUE SOCCER, L.L.C.,<br><br>      Defendants. | Case No. 1:17-cv-05495-HG |

## DECLARATION OF BRADLEY I. RUSKIN IN SUPPORT OF APPLICATION FOR COSTS AGAINST PLAINTIFF

I, Bradley I. Ruskin, declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct to the best of my knowledge:

1. I am an attorney admitted to practice in the State of New York and this Court. I am a Partner at Proskauer Rose LLP, counsel for Defendant Major League Soccer, L.L.C. ("MLS") in this action.

2. I am familiar with the facts set forth below and submit this declaration in support of MLS's Bill of Costs and application for an award of costs as against Plaintiff North American Soccer League, LLC ("NASL").

**Procedural Background**

3. On September 19, 2017, NASL commenced this action against Defendant United States Soccer Federation ("U.S. Soccer"). *See* Dkt. No. 1.

4. On March 16, 2018, NASL filed an Amended Complaint that added MLS as a Defendant. The Amended Complaint asserted five claims, alleging violations of federal antitrust laws. *See* Dkt. No. 57.

5. On June 7, 2021, the parties filed motions for summary judgment. *See* Dkt. Nos. 261-359.

6. On June 12, 2024, the Court issued a Memorandum Decision and Order denying NASL's motion for summary judgment and granting Defendants' motions for summary judgment as to Count 1 of NASL's Amended Complaint. *See* Dkt. No. 399.

7. On January 13, 2025, trial commenced before the Honorable Hector Gonzalez and continued until the jury reached a verdict on February 3, 2025. *See* Dkt. No. 538.

8. On February 3, 2025, the Court entered judgment in Defendants' favor on all of Plaintiff's remaining claims in this action. *See* Dkt. No. 539.

**MLS's Costs**

9. MLS, a prevailing party in this action, now seeks an award of costs in the total amount of $39,747.70, pursuant to 28 U.S.C. §§ 1821 and 1920, Federal Rule of Civil Procedure 54, and Local Civil Rule 54.1, for the items stated herein and in MLS's Bill of Costs, dated and filed on February 18, 2025. The costs claimed are allowable by law and were necessarily incurred as stated herein. True and correct copies of the invoices documenting these costs are attached as Exhibits A – D.

*Costs for Trial Transcripts*

10. MLS incurred costs for original trial transcripts in the amount of $21,889.23, as summarized below and detailed in the bills attached as Exhibit A.

11. These costs were reasonably and necessarily incurred by MLS and are recoverable pursuant to 28 U.S.C. § 1920(2) and Local Civil Rule 54.1(c)(1), because the transcripts were used in connection with cross examining Plaintiff's witnesses at trial, to manage the evidence that was

being introduced at trial, to prepare Defendants' Rule 50(a) Motion for Judgment as a Matter of Law, and to prepare MLS's summation to the jury.

12. The trial-transcript costs sought are summarized below.

| Date of Invoice | Invoice Number | Invoice Total | Total Requested |
|---|---|---|---|
| 1/13/2025 | 20251777 | $8,337.84 | **$5,367.88** |
| 2/10/2015 | 202509306 | $17,299.44 | **$15,815.16** |
| 2/10/2025 | 202500025 | $650.68 | **$361.76** |
| 2/14/2025 | 20250004 | $721.88 | **$344.43** |
| | | | **TOTAL = $21,889.23** |

*Costs for Depositions*

13. MLS incurred costs for depositions in the amount of $16,668.47, as summarized below and detailed in the bills attached as Exhibit B.

14. These costs were reasonably and necessarily incurred by MLS, and are recoverable pursuant to 28 U.S.C. § 1920(2) and Local Civil Rule 54.1(c)(2), because MLS took, defended, or attended each deposition for which costs are sought and part of the transcript of each such deposition was introduced as evidence at trial, relied on by the Court in disposing of Count 1 of the Amended Complaint on summary judgment, or used at trial to impeach a witness. More specifically, the witnesses whose transcripts were introduced as evidence at trial were as follows: Keith Bruce, Peter Capriotti, John Collins, Robert Contiguglia, Carlos Cordeiro, Luis Cuccatti, Aaron Davidson, Gregory Fike, Sean Flynn, Brian Helmick, Kevin Kletz, Stephen Malik, Neal Malone, Richard Moeller, Robert Palmer, Alec Papadakis, Donna Shalala, Erik Stover, and Robert Watkins; the transcripts relied on by the Court in disposing of Count 1 of the Amended Complaint on summary judgment (ECF No. 399 at 44 n.8) were as follows: Roger Noll (8/12/2020 transcript)

3

and Stephan Szymanski (11/12/2019 transcript); and the witnesses impeached at trial with their prior deposition testimony were as follows: Carmelo Anthony (2/28/2019 transcript); Rocco Commisso (5/7/2019 & 5/8/2019 transcripts); Don Garber (6/12/2019 transcript); Sunil Gulati (5/22/2019 transcript); Roger Noll (8/12/2020 & 8/13/2020 transcripts); Rishi Sehgal (1/7/2019 transcript); and Erik Stover (4/18/2019 transcript).

15. The deposition costs MLS seeks include transcription, delivery, exhibit, and videography fees. *See In re Omeprazole Pat. Litig.*, No. 00-cv-4541-BSJ, 2012 WL 5427791, at *4 (S.D.N.Y. Nov. 7, 2012) ("[E]xhibit fees are taxable, as exhibits are a necessary part of an original deposition transcript."). Videography fees are taxable because there was an expectation that the videos might be presented at trial (and, in fact, many were). *See Boateng v. BMW AG*, No. 17-cv-209 (KAM)(SIL), 2024 WL 4471151, at *33 (E.D.N.Y. Oct. 11, 2024) ("'[V]ideo fees have been deemed taxable where there was an expectation among the parties that the video of the testimony might be presented at trial.'") (quoting *Endo Pharms. Inc. v. Amneal Pharms., LLC*, 331 F.R.D. 575, 583 (S.D.N.Y. 2019)). MLS is not seeking costs for rough drafts of deposition transcripts, Realtime services, tech support cost, cloud hosting or storage costs, or witness fees, milage, or subsistence for deposed witnesses.

16. The deposition costs sought are summarized below.

| Deponent | Deposition Date | Invoice Number | Invoice Total | Total Requested |
|---|---|---|---|---|
| Carmelo Anthony | 2/28/2019 | 3956208 | $41.52 | $41.52 |
| Keith Bruce | 1/15/2019 | 3955412 | $41.52 | $41.52 |
| Peter Capriotti | 6/20/2019 | 3851972 | $609.00 | $439.90 |
| John Collins | 1/15/2019 | 3639566 | $41.48 | $41.48 |
| Rocco Commisso | 5/7/2019<br>5/8/2019 | 3803612<br>3815199 | $41.57<br>$41.55 | $41.57<br>$41.55 |

4

| Deponent | Deposition Date | Invoice Number | Invoice Total | Total Requested |
|---|---|---|---|---|
| Robert Contiguglia | 6/4/2019 | 3822309 | $782.85 | $395.00 |
| Carlos Cordeiro | 4/29/2019 | 3782324 | $41.57 | $41.57 |
| Luis Cuccatti | 5/31/2019 | 3824876 | $910.57 | $507.77 |
| Aaron Davidson | 7/24/2019 | 3890902<br>3903276<br>3955433 | $1,870.01<br>$1,320.05<br>$41.52 | $921.91<br>$984.05<br>$41.52 |
| Gregory Fike | 4/24/2019 | 3779335 | $41.57 | $41.57 |
| Sean Flynn | 5/28/2019 | 3795501 | $395.00 | $395.00 |
| Don Garber | 6/12/2019 | 3834696<br>3863887<br>3956059 | $1,692.75<br>$41.55<br>$41.52 | $953.65<br>$41.55<br>$41.52 |
| Sunil Gulati | 5/22/2019 | 3822146<br>3839438<br>3956177 | $2,291.69<br>$41.52<br>$41.52 | $1,360.69<br>$41.52<br>$41.52 |
| Brian Helmick | 7/1/2019 | 3856608 | $1,592.90 | $857.60 |
| Kevin Kletz | 7/10/2019 | 3866530<br>3875106 | $1,657.19<br>$1,193.56 | $528.39<br>$941.56 |
| Stephen Malik | 4/25/2019 | 3782650 | $41.57 | $41.57 |
| Neal Malone | 6/10/2019 | 3826990 | $1,121.35 | $600.75 |
| Richard Moeller | 3/26/2019 | 3956202 | $41.52 | $41.52 |
| Roger Noll | 8/12/2020<br>8/13/2020 | 4565569<br>4495209<br>4531310 | $78.00<br>$2,805.00<br>$78.00 | $78.00<br>$905.30<br>$78.00 |
| Robert Palmer | 4/3/2019 | 3746808<br>3752226<br>3956200 | $1,267.38<br>$41.57<br>$41.52 | $905.13<br>$41.57<br>$41.52 |
| Alec Papadakis | 2/20/2019 | 3678260 | $1,033.77 | $709.93 |
| Rishi Sehgal | 1/7/2019 | 3611966<br>3618578<br>3955411 | $1,581.80<br>$937.41<br>$41.52 | $649.70<br>$812.41<br>$41.52 |
| Donna Shalala | 6/17/2019 | 3838760 | $1,304.05 | $806.25 |
| Erik Stover | 4/18/2019 | 3770184 | $1,277.59 | $941.59 |

5

| Deponent | Deposition Date | Invoice Number | Invoice Total | Total Requested |
|---|---|---|---|---|
| Stephan Szymanski | 11/12/2019 | 4045277 | $1,354.96 | $522.76 |
| Robert Watkins | 5/1/2019 | 3777114 | $667.02 | $667.02 |
| | | | | **TOTAL = $16,668.47** |

*Costs for Witnesses*

17. MLS seeks costs for witnesses in the amount of $718.00, pursuant to 28 U.S.C. §§ 1821 and 1920(2), and Local Civil Rule 54.1(c)(3), including lodging for a witness who was not employed by MLS full-time at the time of trial, and who needed to travel from outside the Court's jurisdiction in order to attend and testify at trial on the dates included below. The invoice setting forth the lodging cost is attached as Exhibit C.

18. The witness costs sought are summarized below.

| Witness Name | Dates | Expense | Total Requested |
|---|---|---|---|
| Don Garber Witness Attendance | 1/22/2025-1/23/2025 | $40 x 2 | $80.00 |
| Mark Abbott Witness Attendance | 1/16/2025-1/17/2025 | $40 x 2 | $80.00 |
| Mark Abbott Lodging & Mileage | 1/15/2025-1/16/2025 | $259.00 x 2 $161.00 x 2 | $518.00 $322.00 |
| Clark Hunt Witness Attendance | 1/24/2025 | $40 | $40.00 |
| | | | **TOTAL = $1,040.00** |

*Costs for Docket and Miscellaneous Fees*

19. MLS seeks the cost of a the pro hac vice application of one its lawyers, pursuant to 28 U.S.C. § 1920(1), and Local Civil Rule 54.1(c)(10). The associated receipt is attached as Exhibit D. The detail is set forth below.

6

| Expense Type | Date | Expense Total |
|---|---|---|
| Pro Hac Vice Application of Colin R. Kass. *See* Dkt. No. 166 | 7/23/2019 | $150 |
| | | **TOTAL = $150.00** |

\* \* \*

20. Wherefore, MLS seeks costs against Plaintiff NASL in the total amount of $39,747.70.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 18, 2025

*/s/ Bradley I. Ruskin*
Bradley I. Ruskin